## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

**Holding a Criminal Term**
**Grand Jury Sworn in on November 3, 2006**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | : | **Criminal Number:** |
| | : | |
| | : | **VIOLATIONS** |
| v. | : | |
| | : | 18 U.S.C. § 371 (Conspiracy); |
| KENNETH L. WICKS and | : | 18 U.S.C. § 2314 (Interstate Transportation |
| STEPHEN RICHARDSON | : | of Stolen Goods); 18 U.S.C. § 2 (Aiding |
| | : | and Abetting); 22 DC Code § 3211, |
| | : | 3212(a) (First Degree Theft); 22 DC Code |
| | : | § 1805 (Aiding and Abetting). |
| Defendants. | : | |

## INDICTMENT

The Grand Jury charges that:

## COUNT ONE - CONSPIRACY

## INTRODUCTION

At all times relevant herein:

1.     Wiley, Rein & Fielding (WRF) is a law firm located at 1750 and 1776 K Street, NW, Washington, DC 20006.

2.     Since 1998, **KENNETH L. WICKS** was employed by WRF and worked in the mail room as the Office Services Coordinator. His duties included responsibility for operation of the Office Services Department where he supervised staff in the Fax, Supply, Mail, Messenger, and Duplication areas.

3.    Since 1988, **STEPHEN RICHARDSON**, was employed by WFR and worked in the firm's Information Technology (IT) Department as a Telecommunications Specialist. His duties included serving as the primary support for WRF's telecommunications systems, including voice mail. He also installed computer equipment for the law firm's new employees and he uninstalled computer equipment for partners and employees who left the firm.

4.    As employees of WRF, **KENNETH L. WICKS** and **STEPHEN RICHARDSON** were authorized to use the law firm's computer network in connection with their official duties. This privilege permitted each of them to send and to receive e-mail.

5.    The WRF mail room and the IT Department are both located on the law firm's basement level.

6.    Inside the IT Department, WRF maintains a secured storage room, which contains computer equipment and is accessible only by swiping an authorized card key through a card key reader. In connection with his employment, **STEPHEN RICHARDSON** was issued such a card key.

7.    WRF utilizes the United Parcel Service (UPS) to ship packages from its mailroom. Every package shipped from WRF bears a client matter number. The purpose of the client matter number is so that the firm can bill its clients or properly attribute the shipping to an expense category.

8.    Prior to April 2004, WRF leased Dell Latitude laptop computers, monitors, and other computer equipment for its employees from Banker's Direct, an equipment leasing company. Each such laptop has a "service tag number," that is, a label cemented to the bottom of the computer by the manufacturer which bears a unique identifying serial number.

2

9.      From in or about April through in or about November 2004, WRF conducted a "roll out" of new computers, monitors, and other computer equipment. This involved collecting existing Dell Latitude laptop computer units and other computer equipment and replacing them with new Dell Latitude laptop computer units, monitors, and computer equipment.

10.     The terms of it's lease agreements required WRF to return all leased items. Under the terms of the lease agreements, if WRF failed to return any unit covered by the lease agreements, it would result in a significant financial liability to the law firm.

11.     eBay is an on-line, Internet auction forum where sellers can auction and buyers can bid for, and if successful, purchase various merchandise. Ebay also offers a "Buy it Now" feature. This allows a prospective bidder to purchase an item instantly at a price set by the seller.

12.     **KENNETH L. WICKS** operated as an eBay auction seller and had several seller identification user names and associated identifying information, including:

A.      "dispatcher 45:" kwicks@comcast.net, Kenneth Wicks, 1750 K Street NW, Washington, DC 20006, [xxx-xxx]-4151, [xxx-xxx]-4158.

B.      "1107pstreet:" kennyyww@yahoo.com,                                    ,
        MD 20772, [xxx-xxx]-4151, [xxx-xxx]-4158, [xxx-xxx]-7207.

C.      "kennyyww4uyh:" kennyyww@aol.com,                            ', DC 20020,
        [xxx-xxx]-9652.

D.      "sandradd:" swicks@comcast.net                               , MD
        20772, [xxx-xxx]-4158.

13.     PayPal is a money transfer company owned by eBay that facilitates buyer payment of completed auctions.

14.    **KENNETH L. WICKS** was a member of PayPal and had an account with that company.

15.    The manner in which a seller is paid for eBay auctions is as follows:  When all bidding for a particular auction ends, the successful bidder is entitled to the merchandise.  The successful auction bidder typically makes on-line payment.  PayPal is a Internet payment option for eBay buyers.  When a buyer chooses PayPal as a payment option, the seller's account on PayPal is credited for the amount of the sale less transaction fees.  The seller is then able to withdraw cash · from his PayPal account via a bank account or at Automatic Teller Machine (ATM) locations.

16.    **KENNETH L. WICKS** was issued an ATM card by PayPal.  This card enabled him to withdraw funds representing the proceeds of completed auction sales directly from ATM machines.

## THE CONSPIRACY

17.    From on or about April 9, 2004 and continuing thereafter until on or about March 8, 2005, within the District of Columbia and elsewhere, **KENNETH L. WICKS** and **STEPHEN RICHARDSON** did unlawfully, knowingly, and willfully, conspire and agree together and with each other to commit an offense against the United States of America, that is:  Interstate Transportation of Stolen Goods, in violation of Title 18, United States Code, Section 2314, through Interstate transportation from the District of Columbia to numerous states including the states of California, Texas, Florida, and Illinois of stolen laptop computers, stolen computer monitors, and other stolen computer equipment the property of WRF, in an aggregate value exceeding $5,000.00, of said goods shipped to each listed jurisdiction.

4

## A GOAL OF THE CONSPIRACY

18.    It was a goal of the conspiracy that **KENNETH L. WICKS and STEPHEN RICHARDSON** would obtain money and enrich themselves by stealing from WRF laptop computers, monitors, and other computer equipment; selling the stolen property on eBay auctions; using WRF's United Parcel Service (UPS) account to ship the stolen goods from the law firm to the various buyers; and sharing in the proceeds from the sales generated through the auction sites and paid by buyers through PayPal.

## MANNER AND MEANS

19.    In order to further the objects and goals of the conspiracy, **KENNETH L. WICKS and STEPHEN RICHARDSON** used the following manners and means, among others:

A.    **KENNETH L. WICKS** would maintain several accounts with eBay under various seller identification names, thereby enabling him to list items for auction.

B.    **KENNETH L. WICKS** would maintain an account with PayPal enabling him to get and receive payment from successful auctions.

C.    **KENNETH L. WICKS** would maintain an ATM card with PayPal, enabling him to withdraw monies from his PayPal account representing payment from auctions via eBay.

D.    **STEPHEN RICHARDSON** would steal laptop computers, monitors, and other computer equipment from WRF.

E.    **STEPHEN RICHARDSON** would provide the stolen goods to **KENNETH L. WICKS.**

F.      **KENNETH L. WICKS** would post auctions on eBay, using WRF's computer network to connect with the Internet. He would list a description of the goods and offer the WRF stolen computers, monitors, and other computer equipment to the highest bidders or to buyers who selected to make a purchase of the auctioned item via "Buy it Now."

G.      As part of the auction posting, **KENNETH L. WICKS** would offer free shipping to successful auction buyers.

H.      **KENNETH L. WICKS** would communicate via e-mail with buyers concerning the merchandise, shipment of the merchandise, and software.

I.      **KENNETH L. WICKS** would ship the stolen goods to the successful bidders from the WRF mailroom using the WRF's UPS account.

J.      **KENNETH L. WICKS** would use a miscellaneous account number for the WRF client matter number on the UPS data screen to facilitate the shipping of the goods.

K.      **KENNETH L. WICKS** would communicate via e-mail with buyers following the sales to answer their questions including to arrange returns of goods for which there were problems.

L.      **KENNETH L. WICKS** either sold or included in the purchase price laptop accessories and peripheral devices, including DVD/CD-RW drives, modem cards, and toner.

M.      **KENNETH L. WICKS** would meet a buyer in person in Washington, D.C. to facilitate the delivery of merchandise to the successful eBay bidder.

N.      **STEPHEN RICHARDSON** and **KENNETH L. WICKS** would communicate with each other via WRF's computer network.

O.    **KENNETH L. WICKS** would withdraw monies deposited by successful eBay auction bidders and buyers from his PayPal account at various ATM locations in the District of Columbia and Maryland.

P.    **KENNETH L. WICKS** would share proceeds of the eBay sales with **STEPHEN RICHARDSON.**

## OVERT ACTS

### Overt Acts Related to Buyer #1

20.    Within the District of Columbia, and elsewhere, in furtherance of the above-described conspiracy and in order to carry out the objects thereof, **STEPHEN RICHARDSON** and **KENNETH L. WICKS** committed the following overt acts, among others:

(1a)    On or about January 23, 2005, **KENNETH L. WICKS** using the seller identification "sandradd" posted a Dell Latitude laptop computer belonging to WRF for sale on eBay.  He advertised the computer as "new."

(1b)    On or about January 23, 2005, **KENNETH L. WICKS** met with successful auction Buyer #1, outside the WRF law firm at 18th and K Street, NW, Washington, D.C.  so that Buyer #1 could take possession of a replacement laptop computer in exchange for a broken one previously shipped to him.

(1c)    In response to a question by Buyer #1 about the reason the lawyers were selling the computers, **KENNETH L. WICKS** stated that he had oversight, the lawyers did not like the 12-inch screens, and that he had more computers for sale.

## Overt Acts Related to Buyer #2

(2a)   On or about July 13, 2004, **KENNETH L. WICKS** using the seller identification "sandradd" posted a Dell Latitude laptop computer belonging to WRF for sale on eBay.

(2b)   On or about July 15, 2004, following successful auction bidding on eBay and payment through PayPal, **KENNETH L. WICKS** shipped a package to Buyer #2, at a street address in Dyersburg, Tennessee via UPS from the offices of WRF., containing a Dell Latitude laptop computer, bearing service tag number 4LLZC01 and the name "Tom Dombrowsky."

(2c)   On or about November 19, 2004, **KENNETH L. WICKS** using the seller identification "sandradd" posted a Dell Latitude laptop computer belonging to WRF for sale on eBay.

(2d)   On or about December 8, 2004, following successful auction bidding on eBay and payment through PayPal, **KENNETH L. WICKS** shipped a second package to Buyer #2, at a street address in Dyersburg, Tennessee via UPS from the offices of WRF, containing a Dell Latitude laptop computer, bearing service tag number 4520D01.

(2e)   On or about January 1, 2005, following successful auction bidding on eBay and payment through PayPal, **KENNETH L. WICKS** shipped a package to Buyer #2, at a street address in Dyersburg, Tennessee via UPS from the offices of WRF, containing a new battery.

8

**Overt Acts Related to Buyer #3**

(3a)  On or about January 24, 2005, **KENNETH L. WICKS** using the seller identification "sandradd" posted a Dell Latitude laptop computer belonging to WRF for sale on eBay.

(3b)  On or about February 3, 2005, following successful auction bidding on eBay and payment through PayPal, **KENNETH L. WICKS** shipped a package to Buyer #3, at a street address in Baltimore, Maryland via UPS from the offices of WRF, containing a Dell Latitude laptop computer, bearing service tag number RL1Q41.

**Overt Acts Related to Buyer #4**

(4a)  On or about February 22, 2005, **KENNETH L. WICKS** using the seller identification "sandradd" posted a Dell Latitude laptop computer belonging to WRF for sale on eBay.

(4b)  On or about February 24 2005, following successful auction bidding on eBay and payment through PayPal, **KENNETH L. WICKS** shipped a package to buyer #4, at a street address in Cincinnati, Ohio via UPS from the offices of WRF, containing a Dell Latitude laptop computer, bearing service tag number 6JH4961.

**Overt Acts Related to Buyer #5**

(5a)  On or about March 8, 2005 **KENNETH L. WICKS** using the seller identification "sandradd" posted a Dell Latitude laptop computer belonging to WRF for sale on eBay.

(5b)  On or about March 17, 2005 following successful auction bidding on eBay and payment through PayPal, **KENNETH L. WICKS** shipped a package to Buyer #5, at a street address in Alexandria, Virginia via UPS from the offices of WRF, containing a Dell Latitude X300 laptop computer, bearing service tag number GRL1Q41.

**Overt Acts Related to the Theft of Computers From the WRF Secured Room**

O.    Between on or about February 18, 2005 and February 22, 2005, **STEPHEN RICHARDSON** entered the WRF secured computer room seven times and removed two Dell Latitude computers, bearing service tag numbers BX2XP41 and GRL1Q41.

P.    Between on or about February 28, 2005 and March 1, 2005, **STEPHEN RICHARDSON** entered the WRF secured computer room four times and removed a Dell Latitude computer, bearing service tag number HGPTQ61.

**Over Acts Related to E-mails Between Kenneth Wicks and Stephen Richardson**

Q.    On or about April 9, 2004 at 12:38 p.m., **KENNETH L. WICKS** sent an e-mail to **STEPHEN RICHARDSON** with the subject of "Re: Numbers." In the body of the e-mail **KENNETH L. WICKS** states, "My cell is [xxx-xxx]-4158, home [xxx-xxx]-3606. CD/RW, docking, power cords, all drives and anything else I'll need for both (2 each)."

R.    On or about April 9, 2004, **STEPHEN RICHARDSON** responded via e-mail to **KENNETH L. WICKS's** e-mail referenced in Q, above, stating, "got it."

S.    On or about April 22, 2004 at 12:27 p.m., **KENNETH L. WICKS** sent an e-mail to **STEPHEN RICHARDSON** with a subject line stating, "What's up with what we talked about?" In the body of the e-mail **KENNETH L. WICKS** states, "I have a request for 3-4 if you can get it!"

T.    On or about April 22, 2004, **STEPHEN RICHARDSON** responded via e-mail to **KENNETH L. WICKS's** e-mail referenced in S, above, stating, "I'm working on it..."

U.    On or about June 1, 2004, at 1:55 p.m., **KENNETH L. WICKS** sent an e-mail to **STEPHEN RICHARDSON** with a subject line stating, "Re: 3 more boxes for 300 today?" In the body of the e-mail **KENNETH L. WICKS** states, "Let me know ASAP!"

10

V.    On or about June 1, 2004, **STEPHEN RICHARDSON** responded via e-mail to **KENNETH L. WICKS**'s e-mail referenced in U, above, stating, "yeah."

W.    On or about June 1, 2004, **KENNETH L. WICKS** responded via e-mail to **STEPHEN RICHARDSON** e-mail referenced in V, above, stating, "kewl...c ya soon...I'm headed to bank."

X.    On or about June 6, 2004, **KENNETH L. WICKS** e-mailed himself with a subject line stating, "He gave me 720. That's what I need. You do the math!" In the body of the of the e-mail, **KENNETH L. WICKS** states, "P.S. there might be a problem with one from the pass [sic]. Not working. Keeps cutting off. He's going to let me know later in the week. See ya in A.M."

Y.    On or about June 25, 2004, **KENNETH L. WICKS** sent an e-mail to **STEPHEN RICHARDSON** with a subject stating, "Another problem with a system." In the body of the e-mail **KENNETH L. WICKS** states, "Dude sent me one back. Said the system has a high pitch whine. Ask if can replace or refund? Just got it back today. It's over here if you want to check it. Also, I'm holding 240 he sent with it for another. Want it? You can give system when you get it."

Z.    On or about July 1, 2004 at 2:26 PM, **KENNETH L. WICKS** sent an e-mail to **STEPHEN RICHARDSON** with a subject stating, "You owe me two. If you want to make it 3, let me know so I can go to the bank."

AA.    On or about July 1, 2004, **STEPHEN RICHARDSON** replied via e-mail **KENNETH L. WICKS**'s e-mail referenced in Z, above, stating, , "yeah that's cool...."

11

BB.    On or about August 2, 2004, **STEPHEN RICHARDSON** sent an e-mail to **KENNETH L. WICKS** with a subject line stating, "Stuff." In the body of the e-mail **STEPHEN RICHARDSON** states, "Did you see the two I left in the draw...you'll get the third tomorrow...sorry for the delay!"

CC.    On or about December 8, 2004, **KENNETH L. WICKS** sent an e-mail to **STEPHEN RICHARDSON** with a subject stating, "Re: read below." In the body of the e-mail **KENNETH L. WICKS** states, "He said he can do 8, if more than one, but 7 is tops for only 1...Let me know."

DD.    On or about January 25, 2005, **STEPHEN RICHARDSON** sent an e-mail to **KENNETH L. WICKS** in the body of the which was a link to a page of Dell's website:

http://www.1.us.dell.com/content/products/productdetails.aspx/latit d600?c=us&cs=555&l=en&s=biz

### Overt Acts Related to the Listing of Auctions and Withdrawal of Sales Proceeds

EE.    Between on or about April 9, 2004 and March 8, 2005, **KENNETH L. WICKS** listed approximately 144 auctions for computers, monitors, and computer equipment through eBay and completed approximately 156 transactions for items paid through PayPal. Proceeds from the sales of the computers, monitors, and computer-related equipment totaled approximately $74,420.00.

FF.    Between on or about February 26, 2004 through March 15, 2005, **KENNETH L. WICKS** made approximately 203 ATM withdrawals from a PayPal account in the District of Columbia and in Maryland totaling approximately $63,850.45.

(**Conspiracy, Aiding & Abetting, Causing an Act to be done, in violation of Title 18, United States Code, Sections 371, 2**).

12

## COUNTS TWO THROUGH FIVE

## INTERSTATE TRANSPORTATION OF STOLEN GOODS

The allegations set forth in paragraphs 1 through 16 and paragraphs 18 through 20 of Count 1 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

### COUNT TWO

Beginning on or about May 20, 2004 and continuing to on or about February 11, 2005, within the District of Columbia, **KENNETH L. WICKS** and **STEPHEN RICHARDSON**, did, in a continuing course of conduct, unlawfully transport and cause to be transported in interstate commerce, from Washington, D.C. to the State of California, stolen goods, that is Dell Latitude laptop computers, computer equipment and peripherals, the property of Wiley Rein & Fielding, of the value of $5,000.00 or more, knowing the same to have been stolen.

**(Interstate Transportation of Stolen Goods, Aiding and Abetting, Causing an Act to be Done, in violation of Title 18, United States Code, §§ 2314, 2).**

13

## COUNT THREE

Beginning on or about June 4, 2004 and continuing to on or about January 26, 2005, within the District of Columbia, **KENNETH L. WICKS** and **STEPHEN RICHARDSON**, did, in a continuing course of conduct, unlawfully transport and cause to be transported in interstate commerce, from Washington, D.C. to the State of Texas, stolen goods, that is Dell Latitude computers, computer equipment and peripherals, the property of Wiley Rein & Fielding, of the value of $5,000.00 or more, knowing the same to have been stolen.

**(Interstate Transportation of Stolen Goods, Aiding and Abetting, Causing an Act to be Done, in violation of Title 18, United States Code, §§ 2314, 2).**

## COUNT FOUR

Beginning on or about June 12, 2004 and continuing to on or about January 14, 2005, within the District of Columbia, **KENNETH L. WICKS** and **STEPHEN RICHARDSON**, did, in a continuing course of conduct,   unlawfully transport and cause to be transported in interstate commerce, from Washington, D.C. to the State of Florida, stolen goods, that is Dell Latitude laptop computers, computer equipment and peripherals, the property of Wiley Rein & Fielding, of the value of $5,000.00 or more, knowing the same to have been stolen.

**(Interstate Transportation of Stolen Goods, Aiding and Abetting, Causing an Act to be Done, in violation of Title 18, United States Code, §§ 2314, 2).**

14

## COUNT FIVE

Beginning on or about May 21, 2004 and continuing to on or about January 13, 2005, within the District of Columbia, **KENNETH L. WICKS** and **STEPHEN RICHARDSON**, did, in a continuing course of conduct, unlawfully transport and cause to be transported in interstate commerce, from Washington, D.C. to the State of Illinois, stolen goods, that is Dell Latitude computers, computer equipment and peripherals, the property of Wiley Rein & Fielding, of the value of $5,000.00 or more, knowing the same to have been stolen.

**(Interstate Transportation of Stolen Goods, Aiding and Abetting, Causing an Act to be Done, in violation of Title 18, United States Code, §§ 2314, 2).**

## COUNTS SIX AND SEVEN - FIRST DEGREE THEFT

1.    The allegations set forth in paragraphs 1 through 16 and paragraphs 18 through 20 of the Introduction to Count 1 of this Indictment are hereby re-alleged and incorporated as if fully set forth herein.

## COUNT SIX

2.    Between on or about April 11, 2004 and continuing to on or about March 8, 2005, **KENNETH L. WICKS** and **STEPHEN RICHARDSON**, having participated in the above-described conspiracy, did knowingly and wrongfully obtain and use property of a value of $250.00 or more, leased property belonging to Wiley Rein & Fielding, consisting of Dell Latitude computers, computer equipment and peripherals.

**(First Degree Theft, Aiding and Abetting, Causing an act to be Done, in violation of Title 22, D.C. Code §§ 3211, 3212(a), 1805).**

15

## COUNT SEVEN

Between on or about April 11, 2004 and continuing to on or about March 8, 2005,

**KENNETH L. WICKS** and **STEPHEN RICHARDSON,** having participated in the above-described conspiracy, did knowingly and wrongfully obtain and use property of a value of $250.00 or more, belonging to Wiley Rein & Fielding, consisting of postage for UPS shipping fees, in the approximate aggregate amount of $900.05.

**(First Degree Theft, Aiding and Abetting, Causing an act to be Done, in violation of Title 22, D.C. Code §§ 3211, 3212(a), 1805).**

A TRUE BILL:


FOREPERSON:


Attorney of the Untied States in
and for the District of Columbia