U.S. Department of Justice

United States Attorney

*District of Columbia*

*Judiciary Center*
*555 Fourth St. N W*
*Washington, D.C 20001*

FILED

JAN 18 2008

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

January 18, 2008

Danielle C. Jahn
Assistant Federal Public Defender
Federal Public Defender Service
625 Indiana Ave., NW
Washington, D.C. 20004

        Re:    United States v. Stephen Richardson
                  Criminal Case No. 07-311-01 (RJL)

Dear Ms. Jahn:

      This letter sets forth the full and complete plea offer to your client, Mr. Richardson. This offer is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. **This plea offer will expire on December 12, 2007.** To accept this offer, please have your client execute the signature block and return the signature page to my office. Upon receipt, the executed letter will itself become the plea agreement. The terms of the offer are as follows:

      1. **Charges:** Mr. Richardson agrees to plead guilty Count I of the Indictment, which charges Conspiracy, in violation of Title 18, United States Code, § 371. It is understood that the guilty plea will be based upon a factual admission of guilt to the offense charged, will be made before the Court by Mr. Richardson, and will be entered in accordance with Rule 11 of the Federal Rules of Criminal Procedure. Mr. Richardson agrees that the attached "Statement of the Offense" fairly and accurately describes Mr. Richardson's actions and involvement in the conspiracy. It is anticipated that during the Rule 11 plea hearing, Mr. Richardson will adopt and sign the Statement of the Offense as a written proffer of evidence. The Government will move to dismiss the remaining counts of the Indictment at sentencing. Mr. Richardson agrees that the counts to be dismissed at the time of sentencing are based in fact and would not provide a basis for any future claims under the "Hyde Amendment," (28 U.S.C. § 2412) and thus, he specifically agrees not to file any claim under that law.

      2. **Potential penalties, assessments, and restitution**: Mr. Richardson understands that the maximum sentence that can be imposed is 5 years imprisonment, a fine of $ 250,000.00, or a fine of twice the pecuniary gain or loss pursuant to 18 U.S.C. § 3571(d), a $100 special assessment, a 3-year term of supervised release, an order of restitution, and an obligation to pay any applicable interest or penalties on fines or restitution not timely made. Notwithstanding the maximum sentence, Mr. Richardson understands that the sentence to be imposed in this case will be determined in

accordance with the guidelines and policies promulgated by the United States Sentencing Guidelines Commission, Guidelines Manual (2005) (hereinafter "Sentencing Guidelines"). Mr. Richardson understands that this sentence, including the applicable sentencing guideline range, will be determined solely by the Court. The Government cannot and does not make any promises, representations or predictions regarding what sentence the Court will impose. Mr. Richardson further understands that if the Court imposes a sentence greater than that provided in the Sentencing Guidelines range as determined by the Court or which is in any other way unsatisfactory to him, he cannot withdraw his guilty plea. This does not, however, limit Mr. Richardson's right to appeal an unlawful sentence.

3. **Federal Sentencing Guidelines**: The parties agree that the following Guideline Sections apply:

| Guideline Number | Description | Level |
|---|---|---|
| 2B1.1 | Offense: Conspiracy | 6 (base) |
| 2B1.1(b)(1)(E) | The loss exceeded $70,000.00 (156 eBay transactions with gross proceeds/ fair market value of $74,420.00) | 8 |
| | Total Offense Level | 14 |

Mr. Richardson agrees not to seek any decreases in his base offense level other than those which are agreed to by the Government in this paragraph. Mr. Richardson further agrees not to seek a downward departure for any reason from the otherwise applicable guideline range established by the Sentencing Guidelines. In the event that this plea offer is either not accepted or is accepted and subsequently withdrawn, the parties will not be bound by the proposed interpretations of applicable Sentencing Guidelines provisions contained herein.

4. **Financial Arrangements**: Mr. Richardson agrees that prior to, or at the time of the sentencing, he will deliver to the U.S. District Court's Clerk's Office a certified check in the amount of $100.00 to cover the special assessment, as required in 18 U.S.C. § 3013. Mr. Richardson also agrees to pay restitution in the amount of $74,420.00 to Wiley, Rein & Fielding, 1750 K Street, NW, Washington, D.C. 20006, Attention: Richard Wiley, at a rate determined by the court. Mr. Richardson agrees to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit, and, to that end, to submit a standard form 500 (Financial Statement of Debtor).

5. **Cooperation:** Mr. Richardson agrees to cooperate completely, candidly, and truthfully in the investigation by this Office and the Federal Bureau of Investigation. Specifically, Mr. Richardson agrees:

    a. to provide complete, truthful, and candid disclosure of information and all records, writings, tangible objects or other requested materials of any kind or description that he has which relate directly or indirectly to the subject of this investigation;

    b. to answer completely, truthfully, and candidly all questions put to him by attorneys and law enforcement officials during the course of this investigation;

    c. to make himself available for interviews by attorneys and law enforcement officers upon request and reasonable notice;

    d. not to attempt to protect any person or entity through false information or omission, nor falsely to implicate any person or entity;

    e. not to disclose the fact of or details regarding his cooperation with law enforcement to any person or entity;

    f. to comply with any and all reasonable requests from federal Government authorities with respect to the specific assistance that he shall provide;

    g. to answer at trial, before the grand jury or at any hearing arising out of this investigation all questions put to him by the Court or by the attorney for any party completely, truthfully, and candidly;

    h. to provide a full and complete accounting of all assets, real or tangible, held by him or in any other name for his benefit. To that end, Mr. Richardson agrees to submit a standard form 500 (Financial Statement of Debtor).

6. **Government Concessions:** In exchange for his guilty plea, the Government agrees not to oppose Mr. Richardson's release pending sentencing, agrees not to oppose a 2-level adjustment for acceptance of responsibility pursuant to USSG § 3E1.1(b), and agrees not to oppose Mr. Richardson voluntary surrender to commence serving any sentence which is imposed, provided that Mr. Richardson continues to show his acceptance of responsibility by: (a) cooperating with the presentence report writer (including answering all material questions truthfully and providing all financial information requested); (b) cooperating fully and truthfully with the court in any proceeding arising from this matter; (c) complying with the other provisions of this agreement; and (d) abiding by the conditions set for his release by the Court. Also, subject to other paragraphs in this agreement, the United States will not bring any additional criminal charges against Mr. Richardson in the United States District Court in the District of Columbia or the Superior Court of the District of Columbia related to the theft of computers and interstate sales via eBay detailed in the

Indictment. This agreement not to prosecute Mr. Richardson does not extend to federal or local crimes of violence as those terms are defined in 18 U.S.C. §16 and D.C. § 23-1331(4). It is understood that the United States has no evidence, as of the date of this agreement, of any crimes of violence involving Mr. Richardson.

7. **Departure Committee:** At the time of Mr. Richardson's sentencing, the United States will advise the sentencing judge and the probation office of the full nature, extent, and value of the cooperation provided by Mr. Richardson to the United States. In addition, before sentencing, the United States will inform the Departure Committee of the United States Attorney's Office for the District of Columbia of the full nature, extent and value of the cooperation provided by Mr. Richardson to the United States. If the Departure Committee determines that Mr. Richardson has provided "substantial assistance" in the investigation or prosecution of another person or entity that has committed any offense, then this Office will file a motion pursuant to § 5K1.1 of the U.S. Sentencing Guidelines. Mr. Richardson understands that the determination of whether he has provided substantial assistance is within the sole discretion of the United States Attorney for the District of Columbia. Mr. Richardson further understands that the failure of this Office to file a substantial assistance departure motion is not a ground for him to move to withdraw his plea of guilty in this case.

8. **Court is not bound:** Mr. Richardson understands that the Court is not obligated to follow any recommendation of the Government at the time of sentencing and that the final decision regarding his bond status or detention will be made by the Court at the time of his plea of guilty. The Court's decision in these regards are not grounds for withdrawal from this agreement.

9. **Reservation of Allocution:** The United States reserves allocution, including, among other things: to inform the presentence report writer of any relevant facts; to dispute factual inaccuracies in the presentence report and to contest any matters not provided for in this plea agreement; to set forth at sentencing and at any proceedings before the Bureau of Prisons all of its evidence with respect to all of Mr. Richardson's criminal activities, subject to the provisions of the following paragraph.

10. The United States and Mr. Richardson hereby agree that since Mr. Richardson has agreed to cooperate with the United States, information provided by Mr. Richardson shall not be held against him, except as follows (See, USSG ¶ 1B1.8):

    a.    information that was known to the United States prior to the date this plea agreement was agreed to by Mr. Richardson;

    b.    in a prosecution for perjury or giving a false statement pursuant to this agreement; and,

      c.      if there is a breach of this agreement by Mr. Richardson, as determined under the provisions of this agreement. In the event of such a breach, the United States retains the right to use any information provided by Mr. Richardson to impeach him at any subsequent proceeding.

11. If in this plea agreement the Government has agreed to recommend or refrain from recommending to the sentencing judge a particular resolution of any sentencing issue, the Government reserves the right to full allocution in any post-sentence litigation in order to defend the sentencing judge's ultimate decision on such issues.

12. **Breach of Agreement:** If Mr. Richardson fails to make a complete, truthful, and candid disclosure of information to federal law enforcement officers, Government attorneys, and grand juries conducting this investigation, or to the Court, and/or if he commits any further crimes or attempts to withdraw the plea, the United States will have the right to characterize such conduct as a breach of this plea agreement. If during this investigation or prosecution Mr. Richardson should commit perjury, knowingly give any false statement, commit any act of contempt, or obstruct justice, the United States may prosecute him for these offenses to the fullest extent provided by law. In the event of a breach: (a) the United States will be free from its obligations under the agreement and may take whatever position it believes appropriate as to the sentence and the conditions of Mr. Richardson's release (<u>for example, should your client commit any conduct after the date of this agreement that would form the basis for an increase in your client's offense level or justify an upward departure - examples of which include but are not limited to, obstruction of justice, failure to appear for a court proceeding, criminal conduct while pending sentencing, and false statements to law enforcement agents, the probation officer or Court - the Government is free under this agreement to seek an increase in the offense level based on that post-agreement conduct</u>); (b) Mr. Richardson will not have the right to withdraw the guilty plea; (c) Mr. Richardson shall be fully subject to criminal prosecution for any other crimes which he has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against Mr. Richardson, directly and indirectly, in any criminal or civil proceeding any of the information or materials provided by him pursuant to this cooperation agreement. Mr. Richardson waives any right to claim that evidence presented in such prosecution is tainted by virtue of the statements he has made.

13. In the event of a dispute as to whether Mr. Richardson has knowingly given materially false, incomplete or misleading information in fulfilling the terms of his cooperation agreement or whether Mr. Richardson has knowingly committed any other material breach of this agreement, and if the United States wants to exercise its rights under this agreement, and if Mr. Richardson so requests, the matter shall be submitted to the Court and shall be determined by the Court in an appropriate proceeding at which Mr. Richardson's disclosures and documents shall be admissible and at which time the United States shall have the burden to establish the same by a preponderance of the evidence.

14. **Presence of Counsel**: At all debriefing and interview sessions conducted by investigators and/or attorneys for the Government Mr. Richardson shall be entitled to the presence, advice, and assistance of counsel, unless waived.

15. **USAO's Criminal Division Bound**: Mr. Richardson understands that this agreement is binding only upon the Criminal Division of the United States Attorney's Office for the District of Columbia. This agreement does not bind the Civil Division of this Office, any other United States Attorney's Office, nor does it bind any other state, local, or federal prosecutor. It also does not bar or compromise any civil, tax, or administrative claim pending or that may be made against Mr. Richardson.

16. **Complete Agreement**: No other agreements, promises, understandings or representations have been made by the parties or their counsel than those contained in writing herein, nor will any such agreements, promises, understandings or representations be made unless committed to writing and signed by Mr. Richardson, Mr. Richardson's counsel and an Assistant United States Attorney for the District of Columbia.

If the foregoing terms and conditions are satisfactory, Mr. Richardson may indicate his assent by signing the agreement in the space indicated below and returning the original to me once it has been signed by Mr. Richardson and his counsel.

Sincerely yours,

*Jeffrey A Taylor / HS*
JEFFREY A. TAYLOR
UNITED STATES ATTORNEY

By: *Sherri L Schornstein*
SHERRI L. SCHORNSTEIN
Assistant United States Attorney

I have read this 7-page plea agreement and have discussed it with my attorney, Daniell Jahn, Esquire. I fully understand this agreement and agree to it without reservation. I do this voluntarily and of my own free will, intending to be legally bound. No threats have been made to me nor am I under the influence of anything that could impede my ability to understand this agreement fully. I am pleading guilty because I am in fact guilty of the offense identified in paragraph one.

I reaffirm that absolutely no promises, agreements, understandings or conditions have been made or entered into in connection with my decision to plead guilty except those set forth in this plea agreement. I am satisfied with the legal services provided by my attorney in connection with this plea agreement and matters related to it.

Date: 1/18/08

Stephen Richardson
Defendant

I have read each of the 7 pages constituting this plea agreement, reviewed them with my client, and discussed the provisions of the agreement with my client, fully. These pages accurately and completely set forth the entire plea agreement. I concur in my client's desire to plead guilty as set forth in this agreement.

Date: 1/18/08

Danielle Jahn, Esquire
Attorney for the Defendant